IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JOE JESSE MONGE and | § | |
| ROSANA ELENA MONGE, | § | CASE NO. 09-30881-lmc |
| | § | |
| Debtors. | § | |
| | § | |
| JOE JESSE MONGE and | § | CHAPTER 11 |
| ROSANA ELENA MONGE, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | ADVERSARY NO. 10-3019 |
| ALICIA ROJAS and FRANCISCO JAYME, | § | |
| | § | |
| Defendants. | § | |

## ORIGINAL ANSWER TO COMPLAINT TO RECOVER AND TURNOVER OF PROPERTY AND TO DETERMINE NATURE, EXTENT AND VALIDITY OF LIENS AND FOR DAMAGES

TO THE HONORABLE BANKRUPTCY JUDGE PRESIDING:

COME NOW ALICIA ROJAS and FRANCISCO JAYME (collectively, "Defendant"), the Defendants herein, and file this their Original Answer to Complaint To Recover and Turnover of Property and to Determine Nature, Extent and Validity of Liens and For Damages, and in support thereof would show the court as follows:

1. Defendant admits the allegations contained in paragraphs 1 and 2 of the Complaint.

2. Defendant admits that this is a core proceeding in that it is a request to turn over property that is claimed to be property of the estate, although Defendant asserts that the property sought to be turned over is subject to a claim whereby Defendant may claim ownership of the property.

3. Defendant admits the venue allegations contained in paragraph 4 of the Complaint.

4. Defendant admits the allegations contained in paragraph 5 of the Complaint.

5. With regard to the allegations contained in paragraph 6 of the Complaint, Defendant states that on or about February 3, 2006, Plaintiffs and Defendant entered into a transaction in which it appears that Plaintiffs purchased the Property. Defendant asserts that this transaction was not a real sale, and that Defendant paid the down payment and retained possession of the Property. Defendant, therefore, denies these allegations.

6. With regard to the allegations contained in paragraph 7 of the Complaint, Defendant states that on or about February 3, 2006, Defendant, Alicia Rojas, as tenant, entered into a Residential Lease (With Option to Purchase) (the "Lease") with Plaintiff, JOE MONGE, as landlord. The Property is partially in New Mexico and partially in Texas, and the parties to the Lease agreed that Texas law will govern the interpretation, validity, performance, and enforcement of the Lease. The Lease, therefore, is an executory contract under Texas law. Defendant admits that Defendant, ALICIA ROJAS, has lived in the Property and owes money pursuant to the Lease, but Defendant denies that Defendant owes the amount claimed in paragraph 7 of the Complaint.

7. Defendant denies the allegations contained in paragraphs 8, 9 and 10 of the Complaint.

<u>COUNTERCLAIM AND REQUEST FOR ABATEMENT OF PROCEEDING</u>

COME NOW, ALICIA ROJAS and FRANCISCO JAVIER JAYME, now as Counter-Plaintiffs herein ("Counter-Plaintiffs"), by and through their attorneys herein, Guevara, Baumann, Coldwell & Reedman, LLP, and file this Counterclaim seeking enforcement of Counter-Plaintiffs' rights under their executory contract relating to the Property, and requesting an abatement of the above-captioned adversary proceeding to allow for the procedures prescribed under Sections 5.061, et seq. of the Texas Property Code, to be followed by the parties.

1. On or about February 3, 2006, Debtor, JOE MONGE, as landlord, and Defendant, ALICIA ROJAS, as tenant, entered into a Residential Lease (With Option To Purchase) (the "Lease"). The property leased under the Lease is located partially in Texas and partially in New Mexico, and has the address of 105 Thoroughbred Court, Santa Teresa, New Mexico (the "Property"). In the Lease, at Section 16.06, the parties agreed that "the laws of the State of Texas shall govern the interpretation, validity, performance and enforcement of this Lease."

2. The Lease, in an Addendum thereto, which was executed concurrently with the Lease, provides that the tenant shall have an option to purchase the Property for a purchase price equal to the balance that landlord owes on the day of closing on that certain promissory note executed by the landlord in the original principal sum of $697,500.00, dated February 3, 2006, payable to the order of America's Wholesale Lender and secured by a mortgage on the Property, plus $50.00 for the right to exercise the option.

3. Section 5.062 of the Texas Property Code provides that an option to purchase real property that includes or is combined or executed concurrently with a residential lease agreement, together with the lease, is an executory contract for conveyance of real property. The Lease, therefore, is an executory contract for conveyance of real property and is governed by section 5.061, et seq., of the Texas Property Code.

4. Section 5.065 of the Texas Property Code provides that a purchaser in default under an executory contract for the conveyance of real property may avoid the enforcement of foreclosure and acceleration or of rescission by complying with the terms of the lease (executory contract) on or before the 30th day after the proper notice of default is given to tenant/purchaser pursuant to Texas law. Since no such notice has been given to Counter-Plaintiffs here, Counter-Plaintiffs' time period during which Counter-Plaintiffs may cure their default, if any, under the Lease, has not yet begun to run.

5. Counter-Plaintiffs assert that they are ready, willing, and able to comply with the terms of the Lease (executory contract).

6.   Counter-Plaintiffs' assert that Counter-Plaintiff, ALICIA ROJAS, is entitled to cure any default as is provided by Section 5.065 of the Texas Property Code, and hereby move that the Court find that, upon receiving proper notice from Plaintiff, JOE MONGE (now designated as Counter-Defendant), Counter-Plaintiff, ALICIA ROJAS, be afforded the right to cure any default as is provided under Section 5.065 of the Texas Property Code.

7.   In the alternative, without waiving the foregoing, Counter-Plaintiffs move that this Court abate the above-captioned adversary proceeding to allow Plaintiff, JOE MONGE (now designated Counter-Defendant), to serve proper notice of default on Counter-Plaintiff, ALICIA ROJAS, and to afford Counter-Plaintiff, ALICIA ROJAS, her proper time period to cure any default as is provided by Section 5.065 of the Texas Property Code.

WHEREFORE, PREMISES CONSIDERED, Defendants and Counter-Plaintiffs prays that Plaintiffs take nothing by their Complaint, and that the Court find that:

A)   The Lease is an executory contract subject to Texas law;

B)   That Plaintiff and Counter-Defendant, Joe Monge, has not provided proper notice to Defendant and Counter-Plaintiff, Alicia Rojas, of any default of her obligations under the Lease; and

C)   That Counter-Plaintiff, Alicia Rojas, is entitled to cure any default of her obligations under the Lease as is provided under Section 5.065 of the Texas Property Code, after receiving proper notice of such default.

In the alternative, without waiving the foregoing, Defendants and Counter-Plaintiffs pray that the Court abate the above-captioned adversary proceeding to allow Plaintiff and Counter-Defendant, JOE MONGE, to serve proper notice of default on Counter-Plaintiff, ALICIA ROJAS, and to afford Counter-Plaintiff, ALICIA ROJAS, her proper time period to cure any default as is provided by Section 5.065 of the Texas Property Code.

Further, Defendants and Counter-Plaintiffs pray that the Court grant them such further and other relief to which they show themselves to be entitled.

Respectfully submitted,

**GUEVARA, BAUMANN, COLDWELL & REEDMAN, LLP**
4171 North Mesa Street, Suite B-201
El Paso, Texas 79902
Tel.:   (915) 544-6646
Fax.:   (915) 544-8305

By: _____
Lane C. Reedman
Texas State Bar No. 16698400

Attorneys for Defendants/Counter-Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Complaint was mailed via first class U.S. mail, postage prepaid, to the following parties the ___13th___ day of July, 2010.

<u>Plaintiff' Attorney</u>
Mr. Sidney J. Diamond
3800 North Mesa Street, Suite B-3
El Paso, Texas 79902

<u>Plaintiffs</u>
Joe and Rosana Monge
51 Sierra Crest Drive
El Paso, Texas 79902

<u>U.S. Trustee</u>
United States Trustee
615 E. Houston, Suite 533
San Antonio, Texas 78205-1539

LANE C. REEDMAN