IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JOE JESSE MONGE and | § | |
| ROSANA ELENA MONGE, | § | CASE NO. 09-30881-lmc |
| | § | |
| Debtors. | § | |
| | § | |
| JOE JESSE MONGE and | § | CHAPTER 11 |
| ROSANA ELENA MONGE, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | ADVERSARY NO. 10-3019 |
| ALICIA ROJAS and FRANCISCO JAYME, | § | |
| | § | |
| Defendants. | § | |

## RESPONSE TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM AND REQUEST FOR ABATEMENT OF PROCEEDINGS

TO THE HONORABLE BANKRUPTCY JUDGE PRESIDING:

COME NOW ALICIA ROJAS and FRANCISCO JAYME (collectively, "Defendant"), the Defendants herein, and file this their Response to Plaintiff/Counter-Defendant's Motion to Dismiss Counterclaim and Request for Abatement of Proceedings Pursuant to F.R CIV. P. RULE 12(b)(6), and in support thereof would show the Court as follows:

1. On or about February 3, 2006, Debtor, JOE MONGE, as landlord, and Defendant, ALICIA ROJAS, as tenant, entered into a Residential Lease (With Option To Purchase) (the "Lease"). The property leased under the Lease is located partially in Texas and partially in New Mexico, and has the address of 105 Thoroughbred Court, Santa Teresa, New Mexico (the "Property"). In the Lease, at Section 16.06, the parties agreed that "the laws of the State of Texas shall govern the interpretation, validity, performance and enforcement of this Lease."

2. The Lease, in an Addendum thereto, which was executed concurrently with the Lease, provides that the tenant shall have an option to purchase the Property for a purchase price equal to the balance that landlord owes on the day of closing on that certain promissory note executed by the landlord in the original principal sum of $697,500.00, dated February 3, 2006, payable to the order of America's Wholesale Lender and secured by a mortgage on the Property, plus $50.00 for the right to exercise the option.

3. Section 5.062 of the Texas Property Code provides that an option to purchase real property that includes or is combined or executed concurrently with a residential lease agreement, together with the lease, is an executory contract for conveyance of real property. The Lease, therefore, is an executory contract for conveyance of real property and is governed by section 5.061, et seq., of the Texas Property Code.

4. Section 5.065 of the Texas Property Code provides that a purchaser in default under an executory contract for the conveyance of real property may avoid the enforcement of foreclosure and acceleration or of rescission by complying with the terms of the lease (executory contract) on or before the 30th day after the proper notice of default is given to tenant/purchaser pursuant to Texas law. Since no such notice has been given to Counter-Plaintiffs here, Counter-Plaintiffs' time period during which Counter-Plaintiffs may cure their default, if any, under the Lease, has not yet begun to run.

5. Based upon the Defendant's assertion of their rights as a purchaser of real property under an executory contract, Defendant filed an objection to confirmation of the Debtors' Chapter 11 Plan of Reorganization (the "Plan"). The Plan provides for rejection of all executory contracts not specifically assumed by the Debtors. The Plan additionally provides that the Debtors had filed an adversary proceeding to establish the Debtor's ownership of the Property and to evict Defendant from the Property. Defendant believes that the Court confirmed the Plan over their objection based upon the filing of the adversary proceeding in which the issues as to the ownership of the Property could be adjudicated. Now, the Debtors in their Motion claim that the ownership of the Property should not be adjudicated in the adversary proceeding since the Defendant's rights to the Property must have been terminated when the Plan was confirmed and the executory contract was rejected. Defendant asserts this to be inequitable as the Plan provides that the issues as to ownership will be determined in the adversary proceeding. Then, when the issue as to ownership of the Property is raised in the adversary proceeding, Debtors assert that that issue was dealt with when the Plan was confirmed. This is fundamentally unfair to Defendants and denies them a right to have these issues adjudicated.

6. Additionally, Section 365 (i) of the Bankruptcy Code provides that when a debtor/lessor rejects a lease of real property and the lessee elects to remain in possession, as a purchaser in possession of the property, the lessor has a right to retain the property and to consummate the purchase if allowed under non-bankruptcy law. This applies to all purchasers in possession, whether they are in possession pursuant to a land installment sales contract or pursuant to some other form of executory sales agreement. In Re. *Maier*, 127 B.R. 325 (Bk. W.D.N.Y. 1991).

7. Defendants made an election on July 27, 2010 to retain possession of the Property and to retain their rights as purchaser in possession. This election was filed with the bankruptcy court and served on the Debtors. Consequently, Defendants assert that they are entitled to assert their rights as purchaser in possession under their executory contract, and that this assertion constitutes a claim upon which relief can be granted.

8. Defendant therefore requests that Debtor's Motion to Dismiss be denied.

WHEREFORE, PREMISES CONSIDERED, Defendants and Counter-Plaintiffs pray that Plaintiffs/Counter-Defendant's Motion to Dismiss be denied, and that Defendants and Counter-Plaintiffs have such further and other relief to which they show themselves to be entitled.

Respectfully submitted,

**GUEVARA, BAUMANN, COLDWELL & REEDMAN, LLP**
4171 North Mesa Street, Suite B-201
El Paso, Texas 79902
Tel.:  (915) 544-6646
Fax.:  (915) 544-8305

By: _____
Lane C. Reedman
Texas State Bar No. 16698400

Attorneys for Defendants/Counter-Plaintiffs

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response was electronically forwarded to the following parties the 30th day of July, 2010.

| Plaintiff' Attorney | U.S. Trustee |
|---|---|
| Mr. Sidney J. Diamond | United States Trustee |
| 3800 North Mesa Street, Suite B-3 | 615 E. Houston, Suite 533 |
| El Paso, Texas 79902 | San Antonio, Texas 78205-1539 |

I hereby certify that a true and correct copy of the foregoing was mailed via regular mail, postage prepaid to Plaintiffs, Joe and Rosana Monge, 51 Sierra Crest Drive, El Paso, Texas 79902 on the 30th day of July, 2010.

_____
LANE C. REEDMAN