**SO ORDERED.**

**SIGNED this 04th day of August, 2010.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE

_____

# United States Bankruptcy Court
**Western District of Texas**
**El Paso Division**

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| JOE JESSE MONGE & ROSANA ELENA MONGE | 09-30881-C |
| *DEBTORS* | CHAPTER 11 |
| JOE JESSE MONGE & ROSANA ELENA MONGE | |
| *PLAINTIFFS* | |
| V. | ADV. NO. 10-3019-C |
| ALICIA ROJAS & FRANCISCO JAYME | |
| *DEFENDANTS* | |

### ORDER DENYING PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM

CAME ON for consideration the motion of the plaintiffs to dismiss defendant's counterclaim, pursuant to Rule 12(b)(6), for failure to state a claim for which relief can be granted. The defendants responded.

The plaintiffs confirmed a chapter 11 plan. In the plan all executory contracts not otherwise expressly assumed were deemed rejected. Plaintiffs here contend that, as a result of this rejection, the defendants cannot have a claim against the plaintiffs and their counterclaim should be dismissed. Plaintiffs counter that, in response to the rejection, they made the election contemplated under section 365(*i*) of title 11, and that they have rights under Texas law as well to cure any defaults there might be with respect to the option to purchase. Thus, they maintain, their counterclaim is not invalid as a matter of law.

The defendants are correct. Their counterclaim is not foreclosed as a matter of law by the plan's having rejected the executory contract. Under section 365(*i*), the nondebtor party to a contract for the sale of land, where that party is in possession of the property, has the right to elect to remain in possession of the property, subject to the various other requirements spelled out therein. Whether the nondebtor party can or cannot satisfy those requirements are issues of fact to be resolved by the trial of the counterclaim. They are certainly not the appropriate subject of a motion to dismiss for failure to state a claim, because the defendants, in their counterclaim, most certainly *have* stated a claim for which relief can be granted. *See Turoff v. Sheets (In re Sheets)*, 277 B.R. 298, 303 (Bankr. N.D.Tex. 2002) (explaining the operation of section 365(*i*) and the public policy issues that led to its enactment).

It is unnecessary to further address the other arguments made in defendants' response. The motion to dismiss is, for the reasons stated, denied.

# # #