IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JOE JESSE MONGE and | § | |
| ROSANA ELENA MONGE, | § | CASE NO. 09-30881-lmc |
| | § | |
| Debtors. | § | |
| | § | |
| JOE JESSE MONGE and | § | CHAPTER 11 |
| ROSANA ELENA MONGE, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | ADVERSARY NO. 10-3019 |
| ALICIA ROJAS and FRANCISCO JAYME, | § | |
| | § | |
| Defendants. | § | |

REQUEST FOR LEAVE TO FILE SECOND
AMENDED ANSWER TO COMPLAINT AND COUNTERCLAIM

TO THE HONORABLE BANKRUTPCY JUDGE PRESIDING:

COME NOW ALICIA ROJAS and FRANCISCO JAYME (collectively "Defendant"), the Defendants and Counter-Plaintiffs herein, and file this their Request For Leave to File Second Amended Answer To Complaint and Counterclaim, and as grounds therefor would show:

1. Plaintiffs filed the above-captioned Adversary Proceeding on June 14, 2010 by filing their complaint.

2. Thereafter, on June 24, 2010, Plaintiffs filed an Amended Complaint. On July 13, 2010, Defendant filed its answer to the Amended Complaint along with a counterclaim. Thereafter, on August 10, 2010, Defendants filed their First Amended Answer and First Amended Counterclaim.

3. In the discovery that is proceeding in this adversary proceeding, it appears to have developed that Defendants may assert a claim that the property at issue in this cause is held by Plaintiffs in a resulting or constructive trust for the benefit of Defendants. Defendants therefore request leave of the Court to file their second amended pleading in this adversary proceeding. A copy of this proposed second amended pleading is attached hereto as Exhibit "A".

4. This matter is set for docket call for trial on 8/10/2011. No deadlines are approaching at this time. Discovery is proceeding and ends on 6/24/2011.

5. Plaintiffs will not be prejudiced by this amendment. Depositions are just now being scheduled and Plaintiffs therefore have ample time to investigate the assertions of the proposed amended pleading. Additionally, in Defendants' First Amended Answer and Counterclaim, Defendants alleged that the

transaction in which it appears that Plaintiffs purchased a house from Defendants was not a real sale, and that Defendants paid the down payment and retained possession of the property. Plaintiffs therefore had notice of the facts underlying the second amended pleading.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that this Court allow them to file a second amended answer and counterclaim in the above-captioned adversary proceeding.

Respectfully submitted,

GUEVARA, BAUMANN, COLDWELL & REEDMAN, LLP
4171 North Mesa Street, Suite B-201
El Paso, Texas 79902
Tel.: (915) 544-6646
Fax.: (915) 544-8305

By: _____
Lane C. Reedman
Texas State Bar No. 16698400

Attorneys for Defendants, ALICIA JOJAS and FRANCISCO JAYME

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was mailed via first class U.S. mail, postage prepaid, to the following parties the 9th day of March, 2011.

| Plaintiff' Attorney | Plaintiffs |
|---|---|
| Mr. Sidney J. Diamond | Joe and Rosana Monge |
| 3800 North Mesa Street, Suite B-3 | 51 Sierra Crest Drive |
| El Paso, Texas 79902 | El Paso, Texas 79902 |

_____
LANE C. REEDMAN



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JOE JESSE MONGE and | § | |
| ROSANA ELENA MONGE, | § | CASE NO. 09-30881-lmc |
| | § | |
| Debtors. | § | |
| | § | |
| JOE JESSE MONGE and | § | CHAPTER 11 |
| ROSANA ELENA MONGE, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | ADVERSARY NO. 10-3019 |
| ALICIA ROJAS and FRANCISCO JAYME, | § | |
| | § | |
| Defendants. | § | |

SECOND AMENDED ANSWER TO COMPLAINT TO RECOVER AND
TURNOVER OF PROPERTY AND TO DETERMINE NATURE, EXTENT AND
VALIDITY OF LIENS AND FOR DAMAGES AND SECOND AMENDED COUNTERCLAIM

TO THE HONORABLE BANKRUPTCY JUDGE PRESIDING:

COME NOW ALICIA ROJAS and FRANCISCO JAYME (collectively, "Defendant"), the Defendants herein, and file this their Second Amended Answer to Complaint To Recover and Turnover of Property and to Determine Nature, Extent and Validity of Liens and For Damages, and in support thereof would show the court as follows:

1. Defendant admits the allegations contained in paragraphs 1 and 2 of the Complaint.

2. Defendant admits that this is a core proceeding in that it is a request to turn over property that is claimed to be property of the estate, although Defendant asserts that the property sought to be turned over is subject to a claim whereby Defendant may claim ownership of the property.

3. Defendant admits the venue allegations contained in paragraph 4 of the Complaint.

4. Defendant admits the allegations contained in paragraph 5 of the Complaint.

5. With regard to the allegations contained in paragraph 6 of the Complaint, Defendant states that on or about February 3, 2006, Plaintiffs and Defendant entered into a transaction in which it appears that Plaintiffs purchased the Property. Defendant asserts that this transaction was not a real sale, and that Defendant paid the down payment and retained possession of the Property. Defendant, therefore, denies these allegations.

6. With regard to the allegations contained in paragraph 7 of the Complaint, Defendant states that on or about February 3, 2006, Defendant, Alicia Rojas, as tenant, entered into a Residential Lease (With Option to Purchase) (the "Lease") with Plaintiff, JOE MONGE, as landlord. The Property is partially in New Mexico and partially in Texas, and the parties to the Lease agreed that Texas law will govern the interpretation, validity, performance, and enforcement of the Lease. The Lease, therefore, is an executory contract under Texas law. Defendant admits that Defendant, ALICIA ROJAS, has lived in the Property and owes money pursuant to the Lease, but Defendant denies that Defendant owes the amount claimed in paragraph 7 of the Complaint.

7. Defendant denies the allegations contained in paragraphs 8, 9 and 10 of the Complaint.

<u>SECOND AMENDED COUNTERCLAIM AND REQUEST FOR ABATEMENT OF PROCEEDING</u>

COME NOW, ALICIA ROJAS and FRANCISCO JAVIER JAYME, now as Counter-Plaintiffs herein ("Counter-Plaintiffs"), by and through their attorneys herein, Guevara, Baumann, Coldwell & Reedman, LLP, and file this Second Amended Counterclaim seeking enforcement of Counter-Plaintiffs' rights under their executory contract relating to the Property, and requesting an abatement of the above-captioned adversary proceeding to allow for the procedures prescribed under Sections 5.061, et seq. of the Texas Property Code, to be followed by the parties.

1. On or about February 3, 2006, Debtor, JOE MONGE, as landlord, and Defendant, ALICIA ROJAS, as tenant, entered into a Residential Lease (With Option To Purchase) (the "Lease"). The property leased under the Lease is located partially in Texas and partially in New Mexico, and has the address of 105 Thoroughbred Court, Santa Teresa, New Mexico (the "Property"). In the Lease, at Section 16.06, the parties agreed that "the laws of the State of Texas shall govern the interpretation, validity, performance and enforcement of this Lease."

2. The Lease, in an Addendum thereto, which was executed concurrently with the Lease, provides that the tenant shall have an option to purchase the Property for a purchase price equal to the balance that landlord owes on the day of closing on that certain promissory note executed by the landlord in the original principal sum of $697,500.00, dated February 3, 2006, payable to the order of America's Wholesale Lender and secured by a mortgage on the Property, plus $50.00 for the right to exercise the option.

3. Section 5.062 of the Texas Property Code provides that an option to purchase real property that includes or is combined or executed concurrently with a residential lease agreement, together with the lease, is an executory contract for conveyance of real property. The Lease, therefore, is an executory contract for conveyance of real property and is governed by section 5.061, et seq., of the Texas Property Code.

4. Section 5.065 of the Texas Property Code provides that a purchaser in default under an executory contract for the conveyance of real property may avoid the enforcement of foreclosure and acceleration or of rescission by complying with the terms of the lease (executory contract) on or before the 30th day after the proper notice of default is given to tenant/purchaser pursuant to Texas law. Since no such notice has been given to Counter-Plaintiffs here, Counter-Plaintiffs' time period during which Counter-Plaintiffs may cure their default, if any, under the Lease, has not yet begun to run.

5. Counter-Plaintiffs assert that they are ready, willing, and able to comply with the terms of the Lease (executory contract).

6.  Counter-Plaintiffs' assert that Counter-Plaintiff, ALICIA ROJAS, is entitled to cure any default as is provided by Section 5.065 of the Texas Property Code, and hereby move that the Court find that, upon receiving proper notice from Plaintiff, JOE MONGE (now designated as Counter-Defendant), Counter-Plaintiff, ALICIA ROJAS, be afforded the right to cure any default as is provided under Section 5.065 of the Texas Property Code.

7.  In the alternative, without waiving the foregoing, Counter-Plaintiffs move that this Court abate the above-captioned adversary proceeding to allow Plaintiff, JOE MONGE (now designated Counter-Defendant), to serve proper notice of default on Counter-Plaintiff, ALICIA ROJAS, and to afford Counter-Plaintiff, ALICIA ROJAS, her proper time period to cure any default as is provided by Section 5.065 of the Texas Property Code.

## FRAUD AND RESCISSION

8.  In or about January 2006, Counter-Plaintiffs and Counter-Defendants, Joe Jesse Monge and Rosana Elena Monge ("Counter-Defendants"), entered into an arrangement to jointly develop a residential subdivision. In order to provide funding for this residential development, Counter-Plaintiffs and Counter-Defendants entered into an arrangement whereby the equity that Counter-Plaintiffs had in their house located at 105 Thoroughbred Court, Santa Teresa, New Mexico (the "Property") could be used for such funding. In order to access this equity and to be able to use Counter-Defendants' credit, Counter-Plaintiffs conveyed the Property to Counter-Defendants.

9.  Although Counter-Plaintiffs conveyed the Property to Counter-Defendants, after the conveyance Counter-Plaintiffs remained in possession of the Property pursuant to a lease with an option to purchase (the "Lease"). Under the Lease, the rent to be paid by Counter-Plaintiffs to Counter-Defendants was equal to the mortgage payment due on the Property to the lender; and the purchase price for the Counter-Plaintiffs to repurchase the Property from Counter-Defendants was equal to the balance of the said mortgage at the time of the purchase. Moreover, at the closing when Counter-Plaintiffs conveyed the Property to Counter-Defendants, Counter-Plaintiffs paid the down payment in the amount of $78,700.36.

10. Prior to the conveyance of the Property from Counter-Plaintiffs to Counter-Defendants, Counter-Plaintiffs paid a monthly mortgage payment for the Property in the amount of approximately $3,600.00. When Counter-Plaintiffs conveyed the Property to Counter-Defendants, it resulted in an increase of approximately $1,400.00 per month in the mortgage payments for the Property. Counter-Plaintiffs and Counter-Defendants (hereinafter sometimes referred to as the "parties") agreed that each of them would pay one-half (½) of this increase, so that each of the parties would pay $700.00 per month of the resulting increase in the said mortgage payment.

11. The parties jointly formed Monroj Corporation, which entity was owned 50% by each of the parties and was to be used for the development of the residential subdivision. Monroj Corporation purchased the real property upon which the subdivision was to be developed. The parties intended that Monroj Corporation would cause the infrastructure for the development to be completed, and would sell lots within the subdivision to individuals or to builders for the construction of single-family homes. The parties agreed that each lot would be sold for $95,000.00, and that the net proceeds from the sale of each lot would be disbursed 50% to Counter-Plaintiffs and 50% to Counter-Defendants. The parties acknowledged and agreed that Counter-Plaintiffs would use their proceeds from these lot sales to pay off the mortgage on the Property.

12. At the time when Counter-Plaintiffs conveyed the Property to Counter-Defendants, Counter-Defendants represented to Counter-Plaintiffs that:

    (1) Counter-Defendants would cooperate in the development of the residential subdivision by Monroj Corporation, and that

    (2) the mortgage payments on the Property would be paid by:

        (a) the Counter-Defendants paying one-half (½) of the increase in the monthly mortgage payment that resulted from the said conveyance, and

        (b) the Counter-Plaintiffs out of the proceeds of the development of the residential subdivision.

These representations were material to Counter-Plaintiffs entering into the transaction and agreeing to convey the Property to Counter-Defendants. Since the Counter-Defendants failed to ever pay the agreed one-half (½) of the increase in the monthly mortgage payment that resulted from the said conveyance, and failed from the beginning to cooperate in the development of the residential subdivision, Counter-Plaintiffs assert that the above-referenced representations were false, and that Counter-Defendants made these representations knowing that they were false, intending that Counter-Plaintiffs rely upon these representations and enter into the transaction with Counter-Defendant in which Counter-Plaintiff conveyed the Property to Counter-Defendant. Counter-Plaintiffs did, in fact, enter into the said transaction with Counter-Defendant in reliance upon the above-referenced representations, thereby suffering injury and damages. Counter-Plaintiffs here assert their claim against Counter-Defendants for the injuries and damages suffered by Counter-Plaintiffs as a proximate result of Counter-Defendants' fraud as is described herein. These damages and injuries include the potential loss of the Property by Counter-Plaintiffs, the loss of the down payment that was paid by Counter-Plaintiffs, as is described hereinabove, additional fees and charges incurred by Counter-Plaintiffs due to the fraud of Counter-Defendants, and attorney's fees and expenses incurred by Counter-Plaintiffs due to the fraud of Counter-Defendants.

13. Due to Counter-Defendants' fraud in inducing Counter-Plaintiffs to convey the Property to Counter-Defendants, Counter-Plaintiffs assert that equity would require that the said conveyance be rescinded and that the Court order the Property reconveyed to Counter-Plaintiffs. Counter-Plaintiffs are ready, willing, and able to restore any and all consideration paid by Counter-Defendants for the said conveyance, including any mortgage payments made subsequent to the conveyance by Counter-Defendants. Counter-Plaintiffs assert that Counter-Defendants would be unjustly enriched if they are allowed to retain the Property, and Counter-Plaintiffs request that the said conveyance be rescinded.

## OFFSET

14. Counter-Defendants assert that Counter-Plaintiffs owe to Counter-Defendants a sum of money that is described in Counter-Defendants' Complaint herein. Counter-Plaintiffs assert that any damages that they owe to Counter-Defendants should be offset by the damages caused to Counter-Plaintiffs as a result of the fraudulent conduct of Counter-Defendants, including but not limited to the Counter-Plaintiffs' loss of the down payment in the amount of $78,700.36 which Counter-Plaintiffs paid when Counter-Defendants acquired the Property.

## RESULTING TRUST

15. The $78,700.36 down payment for the purchase by the Plaintiffs from the Defendants of the property located at 105 Thoroughbred Court, Santa Teresa, New Mexico (the "Property"), was paid by the Defendants. After the closing of the said "sale" of the Property from the Defendants to the Plaintiffs, the Defendants continued to occupy and to reside at the Property. Additionally, after the closing of the said "sale" of the Property from the Defendants to the Plaintiffs, the Defendants continued to make the mortgage payment on the Property pursuant to a lease from the Plaintiffs, as landlord, to the Defendants, as tenant.

16. Defendants therefore assert that Plaintiffs hold title to the Property in a resulting trust (or constructive trust) for the benefit of the Defendants. Defendants therefore request that the Court find the Defendants are beneficial owners of the Property, and that Plaintiffs hold title to the Property in a resulting trust (or constructive trust) for the benefit of Defendants.

WHEREFORE, PREMISES CONSIDERED, Defendants and Counter-Plaintiffs prays that Plaintiffs take nothing by their Complaint, and that the Court find that:

A) The Lease is an executory contract subject to Texas law;

B) That Plaintiff and Counter-Defendant, Joe Monge, has not provided proper notice to Defendant and Counter-Plaintiff, Alicia Rojas, of any default of her obligations under the Lease;

C) That Counter-Plaintiff, Alicia Rojas, is entitled to cure any default of her obligations under the Lease as is provided under Section 5.065 of the Texas Property Code, after receiving proper notice of such default;

D) That Counter-Plaintiffs were induced to convey the Property to Counter-Defendants by Counter-Defendants' fraud and that Counter-Plaintiffs are entitled to the following:

   1) damages; and

   2) rescission of the transaction by which the Counter-Plaintiffs conveyed the Property to Counter-Defendants; and,

E) That the Court find that Plaintiffs hold title to the Property in a resulting trust for the benefit of Defendants, and that the Court find that Defendants are the owners of the Property

In the alternative, without waiving the foregoing, Defendants and Counter-Plaintiffs pray that the Court abate the above-captioned adversary proceeding to allow Plaintiff and Counter-Defendant, JOE MONGE, to serve proper notice of default on Counter-Plaintiff, ALICIA ROJAS, and to afford Counter-Plaintiff, ALICIA ROJAS, her proper time period to cure any default as is provided by Section 5.065 of the Texas Property Code.

Further, Defendants and Counter-Plaintiffs pray that the Court grant them such further and other relief to which they show themselves to be entitled.

Respectfully submitted,

**GUEVARA, BAUMANN, COLDWELL & REEDMAN, LLP**
4171 North Mesa Street, Suite B-201
El Paso, Texas 79902
Tel.: (915) 544-6646
Fax.: (915) 544-8305


By:_____
    Lane C. Reedman
    Texas State Bar No. 16698400

Attorneys for Defendants/Counter-Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Complaint was mailed via first class U.S. mail, postage prepaid, to the following parties the _____ day of March, 2011.

| Plaintiff' Attorney | Plaintiffs |
|---|---|
| Mr. Sidney J. Diamond | Joe and Rosana Monge |
| 3800 North Mesa Street, Suite B-3 | 51 Sierra Crest Drive |
| El Paso, Texas  79902 | El Paso, Texas  79902 |

_____
LANE C. REEDMAN