IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| IN RE:<br><br>JOE JESSE MONGE and<br>ROSANA ELENA MONGE,<br><br>    Debtors.<br><br>---<br><br>JOE JESSE MONGE and<br>ROSANA ELENA MONGE,<br><br>    Plaintiff,<br><br>v<br><br>ALICIA ROJAS and FRANCISCO JAVIER JAYME,<br><br>    Defendants, | CASE NO: 09-30881<br><br>CHAPTER 11<br><br><br><br>ADVERSARY NO. 10-3019 |

**PLAINTIFFS' ANSWER TO SECOND AMENDED COUNTERCLAIM**

**TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:**

Now comes, Joe Jesse Monge and Rosana Elena Monge, Plaintiffs/Counter-Defendants in the above-entitled and numbered case by and through Sidney J. Diamond, of Diamond Law, their attorney and files this Answer to Second Amended Counterclaim ("Counterclaim") and in support thereof would respectfully show the Court as follows:

    1.    The Plaintiffs admit to the allegations contained in Paragraph 1 of the Counterclaim.

    2.    The Plaintiffs deny the allegations contained in paragraph 2 of the Counterclaim and further state that the lease agreement had expired by its terms.

    3.    The first sentence of Paragraph 3 of the Counterclaim attempts to quote from Section 5.062 of the Texas Property Code, however, Section 5.062's subparagraphs (a), (b), and (c), on its face and within the plain meaning of the statute, do not provide that an "option to purchase real

**PLAINTIFFS' ANSWER TO SECOND AMENDED COUNTERCLAIM, Page - 1**

property that includes or is combined or executed concurrently with a residential lease agreement, together with the lease, is an executory contract for the conveyance of real property," there is no mention at all as to language of "option to purchase real property" or "combined or executed concurrently with a residential lease agreement" proffered by Defendants. Further, Section 5.061 is the definition section of the Texas Property Code and it does provide that "default" means the failure to (1) make a timely payment; or (2) comply with a term of an executory contract. Section 5.061 only defines default. Defendants reliance on the plain meaning of the statute is a legal argument and therefore there is nothing in paragraph 3 for the Plaintiffs to either admit nor deny. The Plaintiffs admit that the lease, when in effect, was an executory contract. However, the lease had already expired by its terms, thus, Plaintiffs deny the remaining allegations contained in paragraph 3 of the Counterclaim.

   4  The first sentence of Paragraph 4 of the Counterclaim merely quotes from Section 5.065 of the Texas Property Code, is legal argument and therefore there is nothing in such sentence for the Debtor to either admit nor deny. The Plaintiffs deny the remaining allegations contained in paragraph 4 of the Counterclaim.

   5  The assertions contained in paragraph 5 of the Counterclaim are beyond the knowledge of the Plaintiffs, are merely a statement, and contain no factual allegation or legal argument and therefore there is nothing in such paragraph for the Plaintiffs to either admit nor deny.

   6.  Paragraph 6 of the Counterclaim is a request for relief, contains no factual allegations or legal argument and therefore there is nothing in such paragraph for the Plaintiff to either admit nor deny and, Plaintiffs again, reiterate that all executory contracts were rejected in the bankruptcy proceedings.

   7.  Paragraph 7 of the Counterclaim is a request for relief, contains no factual allegations or legal argument and therefore there is nothing in such paragraph for the Plaintiffs to either admit nor deny.

**PLAINTIFFS' ANSWER TO SECOND AMENDED COUNTERCLAIM, Page - 2**

**FRAUD AND RECISSION**

8. The Plaintiffs deny the allegations contained in paragraph 8 of the Counterclaim.

9. The Plaintiffs deny the allegations contained in paragraph 9 of the Counterclaim.

10. The Plaintiffs deny the allegations contained in paragraph 10 of the Counterclaim.

11. The Plaintiffs deny the allegations contained in paragraph 11 of the Counterclaim.

12. The Plaintiffs deny the allegations contained in paragraph 12 of the Counterclaim.

13. The Plaintiffs deny the allegations contained in paragraph 13 of the Counterclaim.

**OFFSET**

14. The Plaintiffs deny the allegations contained in paragraph 14 of the Counterclaim.

**RESULTING TRUST**

15. The Plaintiffs deny the allegations contained in paragraph 15 of the Counterclaim.

16. The Plaintiffs deny the allegations contained in paragraph 16 of the Counterclaim.

**Affirmative Defenses**

Subject to discovery, Plaintiffs will, or may assert the following affirmative defenses at the trial of this cause of action:

1. Defendant's lease agreement withe the Plaintiffs had terminated by its terms.

2. Defendant's were in continual breach of the lease agreement for failure to both remit the monthly lease amount and/or submit the agreed amount by the 1st of each month.

3. Defendant's Complaint fails to state a claim upon which relief may be granted;

4. Defendants' Complaint is barred due to Ms. Rojas and Mr. Jayme's fraud and gross negligence.

**WHEREFORE,** the Plaintiffs pray:

1. That the relief requested in the Counterclaim be denied; and,

2. The Plaintiffs have such and further relief as they make show themselves entitled.

**DATED:** May 4, 2011.

**PLAINTIFFS' ANSWER TO SECOND AMENDED COUNTERCLAIM, Page - 3**

Respectfully submitted,

DIAMOND LAW

    /s/ Sidney J. Diamond
By: Sidney J. Diamond
Attorney for Debtors/Plaintiffs
Texas Bar Card No.: 5803000
3800 N. Mesa, Suite B-3
El Paso, Texas 79902
(915) 532-3327 Voice
(915) 532-3355 Fax
sidney@sidneydiamond.com

## CERTIFICATE OF SERVICE

I, Sidney J. Diamond, do hereby certify that on May 4, 2011, a true and correct copy of the foregoing Plaintiffs' Answer to Second Amended Counterclaim was served, by depositing the same in the United States Mail, properly addressed and postage prepaid, or by fax or email as noted, to the following parties:

**ATTORNEY FOR DEFENDANTS/COUNTER-PLAINTIFFS:**

Lane C. Reedman
Guevara, Baumann, Coldwell & Reedman, LLP
4171 N. Mesa St., Suite B-201
El Paso, TX 79902

    /s/ Sidney J. Diamond
Sidney J. Diamond

**PLAINTIFFS' ANSWER TO SECOND AMENDED COUNTERCLAIM, Page - 4**