

**Signed September 05, 2014.**

_____
**H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE**
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| In Re: | § | CASE NO. 09-30881-hcm |
| JOE JESSE MONGE and | § | (Chapter 11) |
| ROSANA ELENA MONGE, | § | |
|     Debtors. | § | |

| | | |
|---|---|---|
| JOE JESSE MONGE and | § | |
| ROSANA ELENA MONGE, | § | |
| *Plaintiffs,* | § | |
| v. | § | ADVERSARY NO. 10-03019-hcm |
| ALICIA ROJAS; FRANCISCO JAVIER | § | |
| JAYME; MONROJ INVESTMENTS INC.; | § | |
| NORTHEAST PATRIOT PLAZA INC. | § | |
| *Defendants.* | § | |

### ORDER PROVIDING NOTICE OF FILING OF
### PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW
### WITH RESPECT TO TRIAL IN ADVERSARY PROCEEDING NO. 10-03019

On July 17 and 18, 2014, and August 4, 5, 7, and 8, 2014, this Court conducted a trial on the merits in this adversary proceeding no. 10-03019 ("Adversary Proceeding"). Appearing at the trial were Joe Jesse Monge and Rosana Elena Monge, Plaintiffs and Counter-Defendants herein ("Monges"); Alicia Rojas and Francisco Javier Jayme,

1

Defendants and Counter-Plaintiffs herein ("Rojas/Jayme"), Hugo Maynez Maldonado, a Defendant ("Maynez"), and Joe and Alison Villa, Defendants ("Villas").

During the course of trial, the Monges dismissed their claims against Defendant Maynez and Defendants Villas with prejudice, and Orders of Dismissal have been entered with respect to such parties. Thus, Defendant Maynez and Defendants Villas are no longer parties in this Adversary Proceeding. Monroj Investments Inc. ("Monroj") and Northeast Patriot Plaza Inc. ("Northeast Patriot"), also named as Defendants herein, are defunct entities that did not appear at trial and an order for entry of default was entered against Monroj and Northeast Patriot. Accordingly, the only remaining parties participating at trial in the Adversary Proceeding are the Monges and Rojas/Jayme. At the conclusion of the trial in this Adversary Proceeding, the Court took its ruling under advisement.

Contemporaneously with the entry of this Order, this Court filed its Proposed Findings of Fact and Conclusions of Law With Respect to Trial in Adversary Proceeding No. 10-03019, in accordance with 28 U.S.C. § 157(c)(1) and Rule 9033 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). The Court finds that the following Order should be entered.

IT IS THEREFORE ORDERED, **AND NOTICE IS HEREBY GIVEN AS FOLLOWS:**

1. This Court has filed its Proposed Findings of Fact and Conclusions of Law With Respect to Trial in Adversary Proceeding No. 10-03019 ("Proposed Findings and Conclusions") contemporaneously with the entry of this Order, in accordance with 28 U.S.C. § 157(c)(1) and Bankruptcy Rule 9033.

2. The Clerk of this Court shall forthwith mail a copy of this Court's Proposed Findings and Conclusions, together with a copy of this Order, to respective counsel of record for Joe Jesse Monge and Rosana Elena Monge ("Monges") and Alicia Rojas and Francisco Javier Jayme ("Rojas/Jayme"), and note the date of mailing on the docket, as required by Bankruptcy Rule 9033(a).

3. In accordance with Bankruptcy Rule 9033(b), within 14 days after being served with a copy of this Court's Proposed Findings and Conclusions, a party may serve on the other parties and file with the Clerk of this Court, written objections to this Court's Proposed Findings and Conclusions which identify the specific proposed findings or conclusions objected to and state the grounds for such objection ("Objections"). Under Bankruptcy Rule 9033(b), a party may respond to another party's Objections within 14 days after being served with a copy of such Objections, by filing a Response with the Clerk of this Court ("Responses"). Under Bankruptcy Rule 9033(b), a party objecting to this Court's Proposed Findings and Conclusions shall arrange promptly for the transcription and copying of the record, or such portions as all parties may agree upon or this Court deems sufficient, unless otherwise directed by the District Court ("Record").

4. Upon expiration of the above time periods for filing Objections and Responses and assembly of the Record, the Clerk of this Court shall submit this Court's Proposed Findings and Conclusions, this Order, any Objections, any Responses, the Record, and the docket sheet in this Adversary Proceeding, to the Clerk of the U.S. District Court for the Western District of Texas, El Paso Division ("District Court").

5. Bankruptcy Rule 9033(d) provides that the District Court shall make a *de novo* review of any portion of this Court's Proposed Findings and Conclusions to which a specific written objection has been made, upon the record or after any additional evidence. Bankruptcy Rule 9033(d) further provides that the District Court may accept, reject, or modify this Court's Proposed Findings and Conclusions, receive further evidence, or recommit the matter to this Court with instructions. 28 U.S.C. § 157(c)(1) also provides that any final judgment in this Adversary Proceeding shall be entered by the District Court after considering this Court's Proposed Findings and Conclusions and after reviewing *de novo* those matters to which any party has timely and specifically objected.

# # # #